UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLAN GONCALVES DA SILVA,<br><br>   Petitioner,<br>v.<br><br>TIMOTHY BAPTISTE, Supervisory ICE Officer; PATRICIA HYDE, Field Office Director, MICHAEL KROL, HIS New England Special Agent in Charge; TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security,<br>   Respondents. | Civil No.: 1:25-CV-12754-BEM |

## RESPONDENTS' MEMORANDUM IN RESPONSE TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this response to Petitioner Allan Goncalves Da Silva ("Petitioner")'s Petition for Habeas Corpus ("Petition") (ECF Doc. 1). Respondents respond to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2254 cases.

The Petition should be denied because the sole purpose of habeas is to seek release from detention, not a stay of transfer to another jurisdiction as requested in the Petition. *See Vasquez v. Moniz,* No. 25-11737-NMG, --- F. Supp. 3d ---, 2025 WL 1737216, at *3 (D. Mass. June 23, 2025) (to extent petition seeks to enjoin his transfer from Massachusetts indefinitely, such request is beyond habeas corpus which can only be used to request release from confinement). Consequently, the Petition should be denied.

**BACKGROUND**

According to the Petition, Petitioner is a Brazilian national. (ECF Doc. At 1). The Petitioner is lawfully detained by U.S. Immigration and Customs Enforcement ("ICE") and is currently in removal proceedings in the immigration court in Massachusetts. Respondents' position is that Petitioner is lawfully detained under 8 U.S.C. § 1225(b). In the most recent bond hearing on September 29, 2025, the Immigration Court denied bond because the Petitioner "is statutorily ineligible for IJ custody redetermination." (Exhibit D). However, even if the Court were to find that detention is instead based on 8 U.S.C. § 1226, Petitioner is lawfully detained under that statute as he has had three bond hearings denying bond under Section 1226. On February 27, 2025, the Immigration Court denied bond on the ground that Petitioner as a danger to the Community. (Exhibit A). On April 23, 2025, the Immigration Court denied bond because Petitioner had not made "a showing that [his] circumstances have changed materially since the prior bond redetermination" of February 27, 2025. (Exhibit B). On August 4, 2025, the Immigration Court again found that Petitioner had not made "a showing that [his] circumstances have changed materially since the prior bond redetermination." (Exhibit C). The Petition does not allege that Petitioner's detention is unlawful.

Petitioner states that he learned on September 24, 2025, that he is scheduled to be transferred from the Plymouth County Correctional Facility in Massachusetts to a facility in Louisiana. (ECF Doc. 1 ¶ 11). He alleges that this transfer would disrupt his bond hearing,[1] BIA appeal, access to Massachusetts-based counsel, family, and evidence. Id.

Therefore, the Petitioner requests that this Court order that Petitioner not be transferred outside the District of Massachusetts and issue a TRO/preliminary injunction enjoining transfer or

---

[1] The bond hearing to which Petitioner refers, already took place on September 29, 2025, and bond was denied. (Exhibit D).

ordering immediate return if transferred. (ECF Doc. 1 at 5).

As explained in greater detail below, this Court should deny the Petition because the relief sought therein is outside the scope of habeas.

## ARGUMENT

### A. The Petition should be Denied as it Seeks relief Outside the Scope of Habeas

As mentioned above, in his Petition, Petitioner asks this Court to stay his transfer from Massachusetts, so he can continue with his bond hearing and BIA appeal here and access his family, Massachusetts counsel, and evidence. (ECF Doc. 1 ¶ 11). However, Petitioner has already had his bond hearing, and the BIA appeals process does not require the Petitioner to be physically present in Massachusetts. In any event the type of relief he seeks cannot be obtained through habeas. Indeed, "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The writ of habeas corpus and its protections are "strongest" when reviewing "the legality of Executive detention." *INS v. St. Cyr*, 533 U.S. 289, 301 (2001). Therefore, the traditional function of the writ is to seek one's release from unlawful detention. *Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959, 1969 (2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). As the Supreme Court has held, relief other than "simple release" is not available in a habeas action. *See id*. at 1970–71 ("Claims so far outside the core of habeas may not be pursued through habeas.") (internal quotations and citations omitted).

Here, instead of simple release, Petitioner seeks a full stop of any transfer of him by ICE outside Massachusetts. As noted above, this is not the type of relief that the Supreme Court found to be subject to habeas review. *Id.*, at 1970 (holding that the relief sought, which did not include release, fell "outside the scope of the common-law habeas writ"). In reversing the Ninth Circuit's decision, the Supreme Court concluded in *Thuraissigiam* that the petitioner did not seek "simple

release," and if he had sought proper habeas relief, it would take the form of release "in the cabin of a plane bound for [the designated country]." *Id*. Other circuits have followed this principle. *See*, *e.g.*, *Tazu v. AG United States*, 975 F.3d 292, 300 (3d Cir. 2020) ("And Tazu's constitutional right to habeas likely guarantees him no more than the relief he hopes to avoid—release into 'the cabin of a plane bound for Bangladesh.'") (brackets omitted); *E.F.L. v. Prim*, 986 F.3d 959, 965-66 (2nd Cir. 2021) (holding that a petitioner could not invoke an alleged Suspension violation when a petition does not contest the lawfulness of restraint or seek release from custody); *Rauda v. Jennings*, 55 F.4th 773, 780 (9th Cir. 2022) (same as *E.F.L.*).

In fact, as noted above, this Court held that the sole purpose of habeas is to seek release from detention; thus, habeas does not extend to requests for a stay of transfer to another jurisdiction, as requested in the petition in that case and here. *See Vasquez,* --- F. Supp. 3d ---, 2025 WL 1737216, at *3 (D. Mass. June 23, 2025) (to extent petition seeks to enjoin his transfer from Massachusetts indefinitely, such request is beyond habeas corpus which can only be used to request release from confinement). Accordingly, the Petition should be denied.

## CONCLUSION

For these reasons stated herein, this Court should deny the Petition since it does not seek habeas relief of release from detention.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: October 2, 2025          By:   */s/ Shawna Yen*
                                      Shawna Yen
                                      Assistant U.S. Attorney
                                      U.S. Attorney's Office
                                      John J. Moakley U.S. Courthouse
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA  02210

Tel.: 617-748-3100
Email: Shawna.Yen@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  October 2, 2025        By:    */s/ Shawna Yen*
                                                    SHAWNA YEN
                                                  Assistant United States Attorney